## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT JOHN MOES         *
         Petitioner

     v.             *    CIVIL ACTION NO. RWT-05-1148

JEFFREY L. BANEY        *
ROBERT E. BRIGHT
STEPHEN M. DEWALT     *
        Respondents.
                ***

### <u>MEMORANDUM OPINION</u>

The allegations and relief sought in this 28 U.S.C. § 1361 Petition are relatively straightforward. Petitioner claims that Respondents have fabricated and invented an interpretation of 18 U.S.C. § 3624(d)(2), which allows for a release gratuity of "up to $500.00." Petitioner asserts that when he requested a release gratuity of $200.00, he was informed that he would be given a $5.00 release gratuity. He asks this Court to compel respondents to provide him a $500.00 release gratuity.

Respondents have filed a Response and Motion to Dismiss. Petitioner has filed an Opposition and Supplemental Opposition. For reasons to follow, mandamus relief shall not issue and Respondents' Motion to Dismiss shall be granted.

It remains undisputed that Petitioner is a federal inmate who was confined at the Federal Correctional Institution in Cumberland ("FCI-Cumberland") from June 14 2004, to June 9, 2005, at which time he was transferred to a Community Alternative Program in Grand Rapids, Michigan. (Paper No. 10, at Ex.2, Golub Decl.). Petitioner is serving a 72-month sentence for felon in possession of a firearm, in violation of 18 U.S.C. § 922(G)(1). (<u>Id</u>. at Ex. 1, Greene Decl., Attachment B.).

On April 22, 2005, he filed an administrative remedy at FCI-Cumberland regarding his request for a $500.00 release gratuity.  (Paper No. 10 at Ex. 1, Greene Decl., Attachment C.)  Upon his release from FCI-Cumberland, Petitioner received the following release gratuity: (i) a cash gratuity of $10.00; (ii) $20.00 for taxi fare; and (iii) $20.00 for meals during his travel from FCI-Cumberland to the halfway house in Michigan.  (Id. at Ex. 2, Golub Decl., Attachment B.).   In addition, Petitioner received a $106.00 Greyhound bus ticket for his transportation from Cumberland, Maryland to Grand Rapids, Michigan.  (Id.).

Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.   In order to meet the requirements for mandamus relief, the petitioner must show that: (i) he has the clear legal right to the relief sought; (ii) respondent has a clear legal duty to do the particular act requested; (iii) the act requested is an official act or duty; and (iv) no other adequate remedy is available.  See U.S. ex rel. Rahman v. Oncology Associates, P.C., 198 F.3d 502, 511 (4th Cir. 1999).  The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.   See Asare v. Ferro, 999 F.Supp. 657, 659 (D. Md.1998); National Association of Government Employees v. Federal Labor Relations Authority, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary acts or duties of federal government officers; mandamus will lie only to compel ministerial acts.  See Shoshone-Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995); Plato v. Roudebush, 397 F. Supp. 1295, 1304-05 (D. Md. 1975).   A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.  See Neal v. Regan, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).  As correctly observed

by Respondents, mandamus is a drastic remedy to be utilized only in extraordinary circumstances. See Kerr v. United States, 426 U.S.394, 402 (1976).

The undersigned finds that Petitioner has failed to meet the above established criteria. See Byers v. Belaski, 1995 WL 736272 (10th Cir. 1995); Echols v. Crabtree, 1992 WL 176403 (D. Or. 1992) (provision of 18 U.S.C. § 3624(d)(2) does not support claim that failing to grant prisoner monies is a clear violation of the law and civil rights). Moreover, after examination of the provisions of § 3624(d),[1] the Court finds that decisions by U.S. Bureau of Prisons ("BOP") staff regarding the amount of release gratuities are discretionary in nature.[2] Petitioner received release funds in the amount of $50.00 and a $106.00 bus ticket to cover his expenses en route from Cumberland, Maryland to Grand Rapids, Michigan.[3] This decision does not violate statutory or constitutional dictates.

Further, Petitioner has failed to demonstrate that he has exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") generally requires a prisoner to exhaust

---

[1]   18 U.S.C. § 3624(d) states, in part, that "[u]pon the release of a prisoner on the expiration of his term of imprisonment, the Bureau of Prisons shall furnish him with .... (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished."

[2]   Respondents argue that Congress provided the BOP with the authority not only to provide a release gratuity up to $500.00, but also to determine how much money the inmate needs and whether the inmate should be provided any release gratuity at all. They also refer to 28 C.F.R. § 545.11(d)(9), which provides that a BOP inmate will not receive a release gratuity if he or she is a non-participant in the Inmate Financial Responsibility Program ("IFRP") unless otherwise approved by the warden. According to Respondents, Petitioner was in IFRP refusal status since his designation to FCI-Cumberland. Paper No. 10 at Ex. 2, Golub Decl., Attachment A. The citation to this regulation proves two essential points. First, Petitioner would have been on constructive notice of the effects of his non-participation of the IFRP and could have filed an administrative remedy as early as June of 2004. Second, the regulation establishes that the authority whether to provide a release gratuity is left with the BOP.

[3]   The undersigned observes that while confined at FCI-Cumberland, Petitioner had some $984.35 deposited into his prison account over a six-month period. Paper No 10 at Ex. 2, Golub Decl., Attachment A

administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).    There is no doubt that this exhaustion requirement is mandatory and that all available prison administrative remedies must now be exhausted.  See Anderson v. XYZ Correctional Health Services, Inc., 407 F.2d 674, 678 (4th Cir. 2005).

Petitioner was confined at FCI-Cumberland at the time he filed this action.  Clearly, he was a "prisoner" within the meaning of 42 U.S.C. § 1997e(a) and was subject to the PLRA's exhaustion requirement.  It is clear that the BOP's four step process for resolution of prisoner complaints could be used to resolve the underlying dispute in cases such as this.  See 28 C.F.R. §542.10 and §542.12. Petitioner has not demonstrated exhaustion of all prison remedies and the failure to meet this exhaustion requirement, in and of itself, provides grounds for dismissal.[4]

A separate Order shall be entered dismissing this cause of action.

Date:    11/1/05                                         /s/
                                                        ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE

---

[4]      Petitioner claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA, or that Respondents forfeited their right to raise non-exhaustion as a defense.  See Chase v. Peay, 286 F.Supp.2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  See Chase, 582 F.Supp.2d at 530; see also Booth v. Churner, 532 U.S. 731, 735 (2001); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002); and Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D. Md. 1997).